# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKIE BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-18-603-G ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

CompSource Mutual Insurance Company ("CompSource") has filed a Motion to Intervene in this lawsuit (Doc. No. 51). Plaintiff Vickie Brooks has notified the Court that it has no objection to the proposed intervention, *see* Doc. No. 53. Defendant Philadelphia Indemnity Insurance Company has filed a Response in Opposition (Doc. No. 54), to which CompSource has replied (Doc. No. 55).

CompSource seeks to intervene as a matter of right or, alternatively by permission pursuant to Rule 24 of the Federal Rules of Civil Procedure due to it having paid workers' compensation benefits to, or on behalf of, Plaintiff as a result of the incident underlying Plaintiff's claims in this case. *See* CompSource Mot. to Intervene at 1-3. CompSource contends that "Plaintiff's cause of action against Defendant is assigned . . . to CompSource" and that CompSource "desires to avoid a situation wherein the case is settled without CompSource's involvement and it fails to be compensated." *Id.* at 2-3. CompSource further argues that it "has a statutory right of recovery against Defendant and/or right of

recoupment against Plaintiff" and "is entitled to a first lien on its statutory allocation of net proceeds recovered in this matter." *Id.* at 3 (citing Okla. Stat. tit. 85A, § 43(B)(4)).

Federal Rule of Civil Procedure 24(a)(2) directs that the Court "must permit anyone to intervene" as of right in a pending action who can establish "(1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." Fed. R. Civ. P. 24(a); *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019). As outlined in the Court's accompanying Opinion and Order (Doc. No. 61), however, Defendant is entitled to summary judgment on Plaintiff's claims. Accordingly, there shall be no money judgment recovered by either party and CompSource cannot show a "potential impairment" of its interest in such a judgment. *See* Fed. R. Civ. P. 24(a)(2). Nor is there a live "claim or defense" for which CompSource can share "a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Finally, CompSource fails to cite authority supporting a court order of intervention in an ongoing lawsuit based upon an entity's interest in a possible out-of-court settlement.[1]

The Motion to Intervene (Doc. No. 51) is therefore DENIED.

---

[1] The Court also notes that CompSource's Motion and proposed "Complaint in Intervention" fail to identify CompSource as either an intervenor-plaintiff or an intervenor-defendant, and the Motion suggests that it is attempting to intervene in a manner adverse to both parties. *See* CompSource Mot. to Intervene at 2 ("CompSource is entitled to maintain an action against Defendant . . . ."), 3 (alleging that CompSource has a potential "right of recoupment against Plaintiff"). *See generally* Fed. R. Civ. P. 24(c). To any extent CompSource would enter the lawsuit in a position of a defendant, such intervention would raise jurisdictional issues due to the lack of diversity of citizenship between CompSource and Plaintiff. *See* 28 U.S.C. §§ 1332, 1447(c).

IT IS SO ORDERED this 28th day of February, 2020.

CHARLES B. GOODWIN
United States District Judge